# MARCH, 1938.

In the Matter of H. M. Atwell.

Springfield Court of Appeals. March 11, 1938.

*Frank W. Hayes, E. W. Jones, Paul M. Peterson* and *Hon. Roy McKittrick,* Attorney-General, for informants.

*Will C. Irwin* for respondent.

PER CURIAM:—Now, on this the 11th day of March, 1938, this cause coming on for hearing, come the informants, by their attorney, Paul M. Peterson, and comes the respondent, H. M. Atwell, in person and by his attorney, William C. Irwin, and thereupon the cause is submitted to the court upon the pleadings filed herein and the informants pray the judgment of the court thereon.

It appearing to the court that by his answer the respondent has admitted in writing, and does now in open court admit, that he, as attorney for the plaintiff in a certain cause, entitled Willie E. Plemmons et al. v. Tiney Pemberton et al., conducted negotiations with the aforementioned Tiney Pemberton, defendant, for the settlement of the case and arrived at a settlement with her, taking a release from her in settlement of said cause, and without the knowledge or consent of her attorneys, this same action constituting unethical and unprofessional conduct on the part of the above named respondent.

And it further appearing to the court that the informants have abandoned the prosecution of the other charges in said information, to-wit: Charges 2, 4, 5, and 7, which are denied by the respondent in his answer, the court doth find that the accused should stand discharged on said charges.

The court doth further find that the admitted action of the respondent in the conduct of negotiations with the defendant in the cause entitled Willie E. Plemmons et al, v. Tiney Pemberton et al., without advising defendants' attorneys of his actions, was and is, in violation of of section 9, rule 35, of the Supreme Court of the State of Missouri.

The court doth further find that the respondent should be reprimanded in open court for his unethical and improper conduct aforesaid.

Thereupon the respondent is called before the bar, and the court doth in open court deliver the following reprimand:

### REPRIMAND

"You stand before the court charged by information filed by the General Chairman and Members of the Advisory Committee to the General Chairman of Bar Committees of the State of Missouri, with unprofessional conduct, in that you did, on the 27th day of May, 1937, in Pulaski County, Missouri, and within the jurisdiction of this Court, settle a cause or suit pending in the Circuit Court of

Miller County, Missouri, with the defendant, without consulting attorneys of record representing her. This was a suit pending in Miller County, according to the information, entitled 'Willie E. Plemmons, et al. plaintiffs, v. Tiney Pemberton, et al. defendants.' The charge is that you as attorney for the plaintiffs conducted negotiations with the defendant for the settlement of the case and arrived at a settlement with her without the knowledge or consent of her lawyers. After making a settlement, you took releases from her to your clients.

"There are other specifications of misconduct in the information. You have admitted the charge that the court has just referred to. The informants have recommended that your admission of guilt on this charge be accepted, and the Committee has abandoned the other charges of misconduct. Your admission of guilt to the charges in question cannot be construed as an admission of other misconduct, and you stand discharged as to the other allegations of the information.

"Informants recommend that upon your admission of the misconduct charged, you be reproved or reprimanded by this court as provided by the rules of the Supreme Court of Missouri governing the conduct of lawyers.

"Section 9 of Rule 35 of the Supreme Court of Missouri provides as follows:

" 'Negotiations with Opposite Party.—A lawyer should not in any way communicate upon the subject of controversy with a party represented by counsel; much less should he undertake to negotiate or compromise the matter with him, but should deal only with his counsel. It is incumbent upon the lawyer most particularly to avoid everything that may tend to mislead a party not represented by counsel, and he should not undertake to advise him as to the law.

"This is a rule of conduct which the lawyers of this state must observe. It has a salutary purpose. The rule is to prohibit lawyers from taking advantage of litigants who are represented by counsel. It has always been a recognized rule of conduct, regardless of any written rule, that a lawyer should avoid dealing with the clients of other lawyers. This is for the protection of the client. A client who has selected counsel is entitled at all times to the advice and guidance of such counsel selected. If lawyers representing adverse interests seek to compromise or settle matters directly with litigants represented by counsel, then they are ignoring the relationship that exists for the protection of the litigants.

"You will note that the rule makes it incumbent upon the lawyer discussing a matter with one not represented by counsel, but whose interest is adverse to that of his client, not to undertake to advise such person as to the law.

"The whole object and purpose of the activities of the Bar Committee to suppress the unauthorized practice of the law by lay in-

surance adjusters is to prevent the evil of experienced persons taking advantage of inexperienced persons in matters of controversy. The object of enforcing the law against lay adjusters is to prevent the very thing that you are charged with having done in this instance. The fact that you can be brought before the court for discipline for improper conduct is because you are a member of the bar. This case in itself is evidence of the necessity of permitting adjustments and settlements and negotiations of the controversy to be made only by lawyers, subject to the control of the courts.

"For your actions in violating the rules of conduct laid down by our Supreme Court for the guidance of lawyers, this court publicly reproves you. It is hoped that this public reproof will have the effect of deterring you from further conduct of this sort, and that it will have the effect upon others who might be forgetful, as you have been, to deter them."

Thereupon, the respondent is by the court discharged.

It is further ordered, adjudged, and decreed by the court that all costs in this cause, totaling the sum of thirty-four dollars and forty cents ($34.40) be taxed against the respondent, and that execution issue therefor. It is so ordered. All judges concur.