**Verla Baker CHILCUTT, (Plaintiff) Appellant,**

v.

**Joseph W. BAKER, (Defendant) Respondent.**

**No. 30940.**

St. Louis Court of Appeals.
Missouri.

March 20, 1962.

Kramer, Chused & Kramer, Richard S. Rosenthal, St. Louis, for appellant.

Joseph W. Dierker, John B. Sharpe, St. Louis, for respondent.

WOLFE, Judge.

This is an appeal from a judgment denying modification of a decree of divorce. The decree granted the divorce to the defendant Joseph Baker on a crossbill, and awarded him custody of two children born of the marriage. By the motion to modify here considered, the mother of the children sought to have the decree changed so that the custody of the two children would be awarded to her.

It appears from the transcript of record that Verla Baker, now Verla Baker Chilcutt, filed suit for divorce on February 27, 1960. She charged in her petition that Joseph Baker, by certain commissions and omis-

sions constituting indignities to her, had rendered her condition as his wife intolerable. She prayed for a decree granting her a divorce and custody of the two children, a girl three years of age and a boy nine.

The defendant answering denied the indignities charged, and by way of crossbill alleged that the plaintiff had deserted him on February 15, 1960, and further alleged that she had associated with another man both prior to and after the separation. He also sought custody of the children.

At the trial a stipulation was filed which disposed of the rights of the plaintiff in certain real estate for a stipulated sum. It further provided that the defendant, if granted a divorce, should have custody of the two children. This provision was supplemented by other provisions which gave the wife certain custodial privileges. They are as follows:

"2. That the plaintiff may have temporary custody of said minor children on one Saturday and Sunday, at the beginning of each month, until 9 P.M., Sunday night.

"3. That the plaintiff may have temporary custody of the children on one evening of each month as she may choose until 10 P.M.

"4. That plaintiff may have temporary custody of said minor children for two weeks during the summer school vacation at such time as plaintiff may choose."

As stated, the divorce decree gave the custody of the children to the father and made no award of visitation rights or the right of any temporary custody to the mother. The motion to modify the decree is quite brief. All of its averments and its prayers are as follows:

"Comes now Verla Chilcutt formerly Verla Baker, and respectfully requests this Honorable Court to modify the decree of divorce rendered in these proceedings on November 3, 1960, particularly as it relates to the custody of her minor children, Ralph Baker born January 6, 1951 and Patricia Ann Baker born September 9, 1956.

"Your petitioner represents to the Court at the time she executed stipulation for custody of minor children and property settlement on or about September 20, 1960 she was without benefit of counsel; that she relied solely on the representations made to her by counsel for her then husband, Joseph W. Baker; that she has since ascertained that she had not been correctly advised regarding her rights of custody of her minor children.

"Your petitioner therefore prays this Court that the decree of divorce heretofore granted be modified by granting her custody of the two minor children, Ralph Baker and Patricia Ann Baker; that the Court grant her adequate support money for the support of said minor children, and that the court grant her an allowance for attorneys' fees and for costs."

■ It will be noted that the above, although captioned "Motion to Modify", alleges facts that constitute an attack on the decree itself rather than the customary motion to modify. The matter was tried, however, by both parties upon the theory that it was a motion to modify. We shall therefore consider it amended to meet the proof and theory upon which it was tried. Rule 55.54, V.A.M.R. See notes under 509.-500 RSMo 1949, V.A.M.S. Ingram v. Kiewit, Mo.App., 331 S.W.2d 681; Vitt v. Baer, Mo.App., 335 S.W.2d 681.

The plaintiff's evidence was that she had married James Chilcutt a month after she had been divorced from Joseph Baker. She stated that she and her present husband were living in St. Louis in a three-room flat, and that their residence is near a school. She stated that she and her husband regularly attended a church of the

same denomination that the children and her former husband attended. She and her present husband are both factory workers, and both work for the same company. He earns $76.00 a week and she earns $64.00 a week. Both she and her present husband testified that they wanted the children. She testified that just prior to the divorce her former husband ordered her from their home, during the absence of the children, and that she took a room in the same rooming house where Chilcutt was then living.

She denied that there had been any improper association between her and Chilcutt, and stated that they were thrown into association with each other because they both worked at the same place. Chilcutt's testimony was to the same effect.

Baker testified that the two children were living with him and his mother, who took care of them while he was at work. They lived in a four-room flat. His mother had come to St. Louis from a farm in Christian County, Missouri, to take care of his children, and his father was to move up to St. Louis to live with them, also. He stated that the children attended church and that his son, then ten years of age, was in school.

These constitute essentially all of the scant facts before the court upon which the modification of the decree was denied, except for the testimony of the plaintiff in relation to the signing of the stipulation mentioned. On this subject she testified that Baker, then her husband, had requested her to go to his lawyer's office and sign the stipulation set out above. She went with him and was advised by his lawyer to discharge her own lawyer and to sign the stipulation. She followed his advice. Her husband's lawyer admitted that he had advised the plaintiff to discharge her lawyer when she told him that her lawyer would not do what she wanted him to do.

At the conclusion of the evidence the court stated: "On the basis this Court heard this case on October 31st, a decree was granted to defendant on October 31st; by defendant's own testimony—by plaintiff's own testimony she married December 3rd, by her own testimony she entered into the stipulation that was filed in this court wherein the defendant was awarded custody and by this Court her petition was dismissed for failure to prosecute and was heard on defendant's cross bill. So at this time her motion to modify is denied."

In relation to the testimony presented in court concerning the conduct of Baker's counsel, the trial judge said that the matter was one that should be properly presented to the Bar for investigation. With this we are in full accord. Rule 4.09, V.A. M.R., provides as follows:

"A lawyer should not in any way communicate upon the subject of controversy with a party represented by counsel; much less should he undertake to negotiate or compromise the matter with him, but should deal only with his counsel. It is incumbent upon the lawyer most particularly to avoid everything that may tend to mislead a party not represented by counsel, and he should not undertake to advise him as to the law."

In relation to this rule the cases of In re Frith, Mo.Sup., 233 S.W.2d 707, and In re Atwell, 232 Mo.App., 186, 115 S.W.2d 527, are of interest.

While the evidence of the conduct of defendant's counsel strikes at the validity of the decree rather than its modification, it should be considered in so far as it sheds light upon the compulsions or impulsions under which the plaintiff acted at the time she signed the stipulation to aid in determining a change of condition under which the decree may be modified. Edwards v. Edwards, Mo.App., 302 S.W.2d 37.

We try this case de novo here, giving deference to the trial court's advantage in having before it the witnesses in person. This allows the court to better judge their credibility than we may do from the bare transcript of their testimony. In this case, however, there is no conflict in testimony

as it relates to the present condition of the parties.

The requisite proof for modification in a divorce decree has been so often stated that we shall not lengthen this opinion by restating it. Regarding the custody of children, we said in McKenzie v. McKenzie, Mo.App., 306 S.W.2d 588, 1. c. 591:

"The fact that either party prevails in a divorce case is not the determining factor in awarding the custody of the children involved. The custody of children should never be awarded as a means of punishing one parent or rewarding the other. The determinative factor in awarding custody is the welfare of the child. Green v. Perr, Mo. App., 238 S.W.2d 924; Ballew v. Ballew, Mo.App., 288 S.W.2d 24. It is quite naturally considered that very young children and particularly girls should be in the custody of their mother unless she is demonstrably unfit to assume their proper care. Davis v. Davis, Mo.App., 254 S.W.2d 270; Armstrong v. Armstrong, Mo.App., 185 S. W.2d 845."

While the foregoing case is a divorce case, the same considerations are present in a motion to modify a decree of divorce upon a showing of a change of conditions subsequent to the decree.

Applying these rules to the facts before us, we find that there has been a change of conditions, in that the movant is married and now has an established home, while at the time of divorce she lived in a rooming house and was in questionable association with her present husband. Her evidence shows that both she and her husband are employed, but there was no showing of any kind as to who would care for the children while they were engaged in the work of their employment. In fact, the motion was presented in such a cursory manner that facts necessary for the modification sought were not as exhaustively developed as they should have been.

Because of the foregoing the court properly denied the transfer of the custody to the movant. The evidence, however, does call for a modification of the decree. If the circumstances present at the time of divorce warranted a decree so harsh that it made no provision for visitation privileges to the mother, those circumstances are no longer present.

It is therefore ordered that the judgment be reversed and the cause remanded with directions to modify the decree, awarding to Verla Chilcutt the right to have temporary custody of the children on one Saturday and Sunday at the beginning of each month until 9:00 p. m., Sunday night, and temporary custody of the children on one evening of each month, as she may choose, until 10:00 p. m., and that she may have temporary custody of the children for two weeks during school vacation at such time as she may choose.

ANDERSON, P. J., and SAMUEL E. SEMPLE, Special Judge, concur.

RUDDY, J., not participating.