In re Kelly BLANKENSHIP and Kerry Blankenship, minor children.

Dianna R. CARROLL, Petitioner-Appellant,

v.

Curtis BLANKENSHIP, Respondent.

No. KCD28459.

Missouri Court of Appeals, Kansas City District.

May 31, 1977.

Motion for Rehearing and/or Transfer Denied June 27, 1977.

---

G. Raymond Speckman, Plattsburg, for petitioner-appellant.

Robert F. Sevier, Sevier & Burnett, Liberty, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

This appeal comes from the denial by the court to order a civil contempt against one parent on the motion of the other for disobedience of a decree of custody.

On dissolution the custody of the two boys of the marriage was given to the father subject to the right of the mother to keep them the first and third weekends of every month. The boys soon wearied of this exchange and refused to be delivered to the custody of the mother. The mother saw this as defiance of the court order by the father and moved the court to punish him for contempt.

The father, on his part, complained that on one date the mother had come for and then delivered the children at irregular hours in violation of the custody order and moved the court to adjudge her in contempt.

The court heard evidence on both motions and denied relief altogether. The wife only appeals.

■ A civil contempt is the means to compel on behalf of one party to the litigation compliance by the other party with the judgment of the court. The proceeding provides a remedy for the injured suitor to coerce compliance with an order adjudged in his favor. *Mechanic v. Gruensfelder*, 461 S.W.2d 298, 304[1] (Mo.App.1970); 17 Am. Jur.2d Contempt, § 4. Where—as in this case—the contempt proceeding is brought by a party to enforce a civil remedy, it assumes the nature of an adversary proceeding and the decision of the court, for or against the contemnor, becomes a final judgment which affects a substantial right and may be appealed. *State ex rel. Thatcher v. Horner*, 16 Mo.App. 191, 195 (1884); *Popsicle Corporation v. Pearlstein*, 168 S.W.2d 105, 107[1] (Mo.App.1943). These principles of civil contempt apply to domestic relations disputes. *Teefey v. Teefey*, 533 S.W.2d 563 (Mo. banc 1976).

■ The inherent power of a court of general jurisdiction to punish for contempt of its proceedings and disobedience of its lawful orders [*Zeitinger v. Mitchell*, 244 S.W.2d 91 (Mo.1951)] has been codified in subsections three and four of § 476.110, RSMo 1969:

Every court of record shall have power to punish as for criminal contempt persons guilty of

(3) Willful disobedience of any process or order lawfully issued or made by it;

(4) Resistance willfully offered by any person to the lawful order or process of the court   .   .   ..

See, *Bender v. Young* 252 S.W. 691, 693[3] (Mo.1923). The disobedience or resistance which results in a punishable contempt must be willful—that is, intentional. *Bender v. Young, supra*; *McMullin v. Sulgrove*, 459 S.W.2d 383, 388[3] (Mo. banc 1970).

■ This appeal contends that the evidence of a contempt by the husband was shown as a matter of law. The court found expressly that there had been no intentional disobedience of his orders and denied both motions for contempt. The contumacy ascribed to the husband by the motion of the wife simply was not proved. The refusal of the children on that one occasion to accompany the mother appears to have been from their own pique and not the doing of the father.

■ A court has the duty to protect the integrity of its orders, but whether a noncompliance shall be punished as a contempt lies within the discretion of the court. That determination becomes final in the absence of a plain abuse of discretion. *Clark v. Francis B. Freeman Const. Co., Inc.*, 535 S.W.2d 531, 533[1, 2] (Mo.App.1976).

The judgment is affirmed.

All concur.