**Donna Jean FLEMING, Petitioner,**

v.

**Jack Eugene FLEMING, Respondent.**

**No. KCD 29316.**

Missouri Court of Appeals,
Kansas City District.

Jan. 30, 1978.

James W. Farley, Farley & Johnson, Farley, for petitioner.

Don Witt and Abe Shafer, Witt & Shafer, Platte City, for respondent.

Before SWOFFORD, C. J., and SHANGLER, DIXON, PRITCHARD, WASSERSTROM, SOMERVILLE and TURNAGE, JJ.

TURNAGE, Judge.

Donna Jean Fleming filed her petition in habeas corpus in this court in which she requested the two children born of her marriage to Jack Fleming be delivered to her. This court issued a writ of habeas corpus to Jack and waived production of the two children. The case has now been briefed and argued.

Donna was granted a default dissolution in 1975 in the Circuit Court of Platte County. In that decree the custody of the two girls was granted to Donna. In May, 1976, Jack and Donna entered into a stipulation in which they agreed there had been such change in circumstances that the permanent custody of the two girls should be transferred to Jack. Thereafter, the court entered a judgment in which it recited "this matter comes on for hearing and is taken up on the stipulation agreed to between the parties hereto." The court then found the judgment should be modified by transferring the permanent custody of the two girls from Donna to Jack and eliminating the obligation of Jack to pay child support.

In her petition for habeas corpus, Donna alleged the judgment transferring custody to Jack was illegal because it showed on its face it was entered pursuant to a stipulation and not following a hearing at which evidence was produced from which the court could make the requisite findings required by § 452.410, RSMo 1975 Supp.

Jack contends the modification judgment is at most irregular and Donna is barred from a collateral attack by habeas corpus but must mount a direct attack by motion in the circuit court.

Habeas corpus has been held proper to procure the custody and possession of a minor child in certain instances. These have been stated in *In Re Wakefield*, 365 Mo. 415, 283 S.W.2d 467, 471[5, 6] (banc 1955) to be:

Such, generally, are situations where the parent to whom custody was awarded is enforcing such an award, where there has been no formal award of custody, where the parent to whom custody has been awarded has died and the divorce proceeding has thus abated (*Schumacher* and *Crouse* cases, supra,) or where for some reason the award of custody is illegal on

the face of the record and the legality of the order is questioned by habeas corpus.

Donna claims the modification in this case is illegal or unauthorized on its face because the judgment shows the court acted only upon the stipulation and agreement of the parties without hearing evidence on the question. The judgment recites it was entered on the stipulation between the parties. The judgment does not recite that any evidence was received. This presents the question of the validity of the judgment as reflected on its face when it shows it was entered on the stipulation and agreement of the parties but without any evidence as to the best interest of the children being presented.

Section 452.410 prohibits a court from modifying a custody decree "unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child."

Courts have had occasion to consider the validity of modification orders made solely on the stipulation and agreement of the parties. In *Wood v. Wood*, 400 S.W.2d 431 (Mo.App.1966) the court stated the practice of entering a judgment "without a hearing and merely on the consent and stipulation of the parties" is a practice that should not, except in rare instances, be followed. 400 S.W.2d 437[7, 8]. The court indicated "evidence should be taken to determine the propriety of the stipulation entered into by the parties and whether or not the custody provided therein serves the best interest and future welfare of the child." This court followed *Wood* in *Flickinger v. Flickinger*, 494 S.W.2d 388 (Mo.App.1973). In that case this court made it clear that when a stipulation is offered as a basis for modification, the court is required to receive evidence and to inquire into the propriety of the stipulation and to determine if the stipulation serves the best interest of the children. This court further stated that a modification of a custody decree made without

a hearing at which evidence is adduced is beyond the court's jurisdiction.

The holding in *Wood* and *Flickinger* has long been the rule in this state. In *State ex rel. Tatum v. Ramey*, 134 Mo.App. 722, 115 S.W. 458 (1909) this court held a judgment could not be modified so as to change the custody of children without a hearing. This rule has also been reaffirmed in *Villaume v. Villaume* (Mo.App.1977) [decided by the St. Louis District December 6, 1977].

■ From the above cases it is clear the court was unauthorized to modify the original decree which vested custody in Donna without a hearing. Such result is further dictated by § 452.410. Before modifying the decree the court was required to find from facts produced at a hearing that a modification to change the custody of children is necessary to serve their best interest.

■ The modification in this case was obtained without a hearing and without the production of any facts from which the court could determine a change in their custody was required to serve their best interest. All of this appears from the face of the judgment by which the modification was purported to have been made. Because the illegality of the modification appears on its face, Donna properly sought habeas corpus in this court to test the validity of the modification order.

Jack's contention that the judgment of modification is at most irregular and not subject to collateral attack in this habeas corpus proceeding must be rejected. In *Fernbaugh v. Clark*, 236 Mo.App. 1200, 163 S.W.2d 999, 1003[2–4] (1942) this court stated:

A distinction is clearly drawn between judgments which are lawfully rendered, with competent jurisdiction, and judgments which are the result of an excess of jurisdiction. In the latter case the legality of the judgment may be collaterally attacked in a proceeding of this character.

In *Tomlinson v. French Institute of Notre Dame De Sion*, 232 Mo.App. 597, 109 S.W.2d 73, 77[10] (1937) this court held that a writ of habeas corpus "brings into review the legality of the authority by which the circuit court acts in making its award."

From the above discussion it is clear that habeas corpus is proper in a child custody case when an order awarding custody is challenged because of an illegality which appears on the face of the record. Such illegality appears when the record shows a custody order has been changed only on the stipulation and agreement between the parties without a hearing and without evidence being adduced from which the court is justified in finding a change will serve the best interest of the child. In such circumstances habeas corpus does not constitute an impermissible collateral attack but is a proper remedy.

Although this court and counsel are concerned about the welfare of the children involved in this unfortunate litigation, a careful review of the return to the writ of habeas corpus and the denial thereto reveals that no issue has been raised concerning the best interest of the children. In that posture, no question relating to the best interest of the children is presented.

The disposition of this case makes it unnecessary to pass on the motions filed by Donna.

The custody of the two minor children is remanded to Donna without prejudice to the right of Jack to file a motion seeking to modify the custody provisions of the original dissolution judgment.

All concur.