**Alan B. FEINGOLD,**
**Plaintiff-Respondent,**

v.

**BUCKEYE DEVELOPMENT COMPANY,**
**Defendant-Appellant.**

**No. KCD 29652.**

Missouri Court of Appeals,
Kansas City District.

Oct. 2, 1978.

Motion for Rehearing and/or Transfer
Denied Nov. 13, 1978.

Application to Transfer Denied
Dec. 18, 1978.

**414**

Alan E. South, Crews, Milliard & South, Kansas City, for defendant-appellant.

Michael H. Fishman, Jeffrey S. Henry, Kuraner, Dingman, Schwegler, Kinton & Lowe Professional Corp., Kansas City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, J.

The plaintiff-lessee brought an action in several counts against the defendant-landlord. The trial court found in favor of the plaintiff on Count I of plaintiff's petition and found for the defendant on the remaining counts and against the defendant on a counterclaim. Only the judgment against the defendant on Count I is involved in this appeal.

In this court-tried case, the issue to be determined on appeal involves a written lease agreement. Plaintiff entered into this lease in November of 1971 with LPF Plastics Corporation. In 1974, while plaintiff was still a tenant, the Columbia Union National Bank foreclosed its mortgage on the building. Plaintiff remained in possession and paid rent to Columbia. On October 1, 1974, the defendant purchased the building from Columbia. The record is silent as to the date of foreclosure. In later October, the plaintiff was notified to begin making rent payments to the defendant. The particular dispute between the parties arises out of a paragraph of the lease which provided specifically that the lessor should furnish and pay for all utility charges. A dispute arose between the parties concerning this provision of the lease and, in November and December of 1974, the defendant attempted to discuss with the plaintiff the possibility of renegotiating the lease agreement in connection with the cost of the utilities. In any event, the defendant terminated electrical services to the plaintiff on July 15, 1976. The plaintiff then filed the suit resulting in the judgment for the utility costs sustained by the plaintiff. The finding of the trial court was that the lease was unambiguous and provided that utility services be provided at the cost of the defendant.

Defendant urges a single point on this appeal—that the lease was extinguished by the foreclosure, and, therefore, the trial court erred in rendering a judgment based upon the lease. A review of the pleadings, the evidence, and the trial court's memorandum makes it indisputably clear that the case below was tried on the theory that the lease was a binding document. At the trial, it was the defendant's theory that the lease contract was ambiguous and defendant could rely upon other evidence concerning the dealings between the parties to provide a basis for his denial of the utility services. The defendant is raising a new theory on this appeal, a theory not presented to the trial court by the pleadings or the evidence. A party is bound by the theory upon which he tried his case. *Cook v. Bolin*, 296 S.W.2d 181 (Mo. App.1956). A party is not permitted to change his theory on appeal. *McIlroy v. Hamilton*, 539 S.W.2d 669 (Mo.App.1976). Recognizing the difficulty of the case in the face of that well-entrenched principle, the defendant, in his reply brief, asserts that the written lease was never proved. That simply flies in the face of the record which demonstrates that the lease was in evidence and that the parties tried the case upon the

theory of ambiguity alone. The parties have extensively briefed and argued the issue of whether or not extinguishment by foreclosure is an affirmative defense. *Forty Four 0 One Hampton Realty Company v. Keegan,* 426 S.W.2d 701 (Mo.App.1968); and *Kammeyer v. Concordia Telephone Company,* 446 S.W.2d 486 (Mo.App.1969), lends support to the proposition that Rule 55.08 should be construed broadly to include extinguishment of a lease by foreclosure as an affirmative defense, but it is not necessary to reach or decide the question of affirmative defense. It is palpable upon the record that the theory upon which the case was tried was one of construction of an ambiguous contract, and any question of extinguishment of the lease was waived because not asserted or presented as a theory of defense to the trial court.

Judgment affirmed.

All concur.