Gloria Jane BLAIR, Appellant,

v.

Benjamin BLAIR, Respondent.

No. WD 30402.

Missouri Court of Appeals,
Western District.

May 5, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 9, 1980.

Application to Transfer Denied
July 15, 1980.

Dennis G. Muller, Kansas City, for appellant.

Clarence John Forge, Independence, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Gloria Blair filed a motion to modify the custody provisions of her divorce as modified and motions to have the court hold Ben Blair in contempt for failure to pay the maintenance decreed and allow Gloria the visitation provided. Ben filed a motion to modify the decree to eliminate any provision for maintenance. The court overruled all the motions and only Gloria appeals.

On this appeal Gloria contends a previous modification of the divorce decree which gave custody to Ben was invalid and contends the court should have found Ben in contempt for failure to allow visitation and pay maintenance. Reversed and remanded.

Gloria and Ben were divorced in August, 1973. Gloria was granted custody of two minor children and Ben was ordered to pay alimony of $200 per month. On July 22, 1976, the court entered an order modifying the decree by granting custody of the two children to Ben and giving Gloria the right to have the children every other weekend from 6:00 P.M. on Friday to 6:00 P.M. on Sunday.

In January, 1977, Gloria filed the present motion to modify the decree on the grounds the order of July 22, 1976, was made without notice and hearing. She also filed a motion requesting that Ben be held in contempt for failure to allow her to have the children every other weekend and for failure to pay the $200 per month. .

Although Gloria's motion to modify alleged facts which constituted a direct attack on the validity of the July 22, 1976, order, from the record it is apparent that Gloria took the position in the hearing that the best interest of the children required the modification rather than the invalidity of the July 22, 1976, order. This is apparent from the pre-trial conference between the court and the attorneys, the evidence adduced, and the post-trial motion filed by Gloria. It is further apparent that Gloria abandoned her position that the order of July 22, 1976, was void because she sought to hold Ben in contempt for violating such

order with respect to her right to have the children every other weekend. On this appeal Gloria does not complain of the action of the court in refusing to modify the decree as to child custody on the theory she tried the case, which was on the best interest of the children, but contends the court erred in refusing to modify the decree because the order of July 22, 1976, was invalid because of the lack of notice and hearing. On this appeal this court will consider the motion to modify to have been amended by the proof adduced. *Chilcutt v. Baker*, 355 S.W.2d 338, 339[1] (Mo.App.1962).

Gloria has now again changed her theory and argues the court should have ruled the July 22, 1976, decree void. This court must review the case on the same theory on which it was tried in the trial court. *Feingold v. Buckeye Develop. Co.*, 573 S.W.2d 413, 414[1, 2] (Mo.App.1978). Gloria does not make any attack on the action of the court relating to the theory on which the case was tried, and therefore, there is nothing for this court to review on her assignment of error relating solely to a different theory.

Gloria next contends the court erred in refusing to hold Ben in contempt for failure to pay the $200 per month maintenance provided in the original decree. Gloria testified that Ben had paid only a total of $60 in maintenance since the original decree although he was employed. Gloria called Ben as a witness and he admitted he had paid only a total of $60 and was employed until his salary was garnished by Gloria when he went "self-employed." At the conclusion of Gloria's evidence, the court overruled the motion to find Ben in contempt.

The motion by which Ben was sought to be held in contempt was not brought under § 452.345, RSMo 1978, but was an attempt to have the court exercise the inherent power which it possesses to adjudicate civil contempt under the holding in *State ex rel. McCurley v. Hanna*, 535 S.W.2d 107, 108[1] (Mo. banc 1976).

In *In re Marriage of Vanet*, 544 S.W.2d 236, 245–6[12, 13] (Mo.App.1976)

this court held that in an action for contempt under § 452.345, when a violation of a court order for the payment of maintenance and child support is established, the burden of proof is upon the party required to make payment to show a financial inability to do so and that such inability was not intentionally and contumaciously brought about by his own conduct. This court sees no reason why a different rule should be applied in an action for contempt under the inherent power of the court rather than under the statutory power. Thus, when Gloria established the obligation of Ben to pay $200 monthly maintenance and proved that such payments had not been made, she had made a prima facie case of contempt. The burden was then upon Ben to prove his inability to make payment and that such inability was not intentionally and contumaciously brought about by his own conduct. Here, Ben made no effort to prove an affirmative defense of inability.

Gloria has a right to appeal from the order of the court refusing to hold Ben in contempt. *In re Blankenship*, 553 S.W.2d 307, 308[1, 2] (Mo.App.1977). Here Gloria established a prima facie case for contempt and Ben made no effort to carry his burden of proof. In this situation the court erred in finding that Ben would not be held in contempt when Ben made no effort to carry the burden of proof cast upon him.

The same reasoning applies to the motion to hold Ben in contempt for failure to allow Gloria to have the children every other weekend as provided in the order of July 22, 1976. Gloria testified that she had been allowed to have the daughter as provided, but the son had never gone with her. She further stated she had called for the children each weekend she was to have them. She testified the last weekend she was to have the children prior to the hearing, she had gone to Ben's house to obtain the children. She knocked at the door and the children both came to the door, but a woman's voice from inside the house told the daughter to tell Gloria the children were not going with her. The daughter told Gloria they were not going and Gloria

left. No case has been cited, and this court's research has not located any case in Missouri, discussing the burden of proof for contempt for failure to abide by a court order providing for child visitation or temporary custody. However, this court finds no distinction between this situation and the payment of maintenance and child support. The rule of affirmative defense in 17 C.J.S. Contempt § 84[2], p. 214, adopted in *Vanet*, applies equally to a violation of child visitation or temporary custody as well as non-payment of maintenance or child support. This court holds that a prima facie case of contempt is made when it is established that a court order has been made allowing a party to have visitation or temporary custody, that the party has called for the child at the proper time but has been denied the exercise of those rights by the party possessing primary custody. The burden is then on the party having primary custody to show the failure of the child to accompany the other party for the permitted visit or temporary custody is not the result of intentional and contumacious conduct. Thus, in this case Gloria made a prima facie case of contempt when she showed that Ben had been granted custody of the children and that she had been granted the right to have the children every other weekend, that she had attempted to get the children each time allowed, but that the boy had never gone with her. As in the case of contempt for failure to pay maintenance or child support, the burden of proof shifted to Ben to show the reason the boy did not accompany Gloria for her visitation or temporary custody and that such reason was not brought about intentionally and contumaciously by Ben. On the failure of Ben to carry his burden of proof, the court erred in overruling Gloria's motion to hold Ben in contempt for failure to allow Gloria to have the boy as allowed by the order of July 22, 1976.

In her only point related to the theory on which she tried her case in the trial court, Gloria complains of the admission in evidence of a psychological report. She does not contend there was an absence of sufficient competent evidence to support

the trial court's judgment relating to the custody of the children, but simply complains of the admission of this report. It is practically impossible to predicate reversible error on the erroneous admission of evidence in a court tried case. *Doyle v. Doyle*, 577 S.W.2d 64, 68[4] (Mo.App.1978). In the review of a court tried case this court considers only the evidence which was properly admitted and excludes from consideration that which was improperly admitted. *Ruckman & Hansen v. State Highway Commission*, 546 S.W.2d 500, 502 (Mo. App.1976). Gloria does not argue a lack of substantial evidence to support the judgment nor does she review the evidence, but complains only of the admission of this one item. In the absence of any contention that the judgment is not supported by substantial evidence without considering the report, this court will not undertake a complete review of the evidence to make such determination.

The judgment overruling Gloria's motion to modify by granting her custody of the two children is affirmed. The judgment overruling Gloria's motion to hold Ben in contempt for failure to pay maintenance and for failure to allow her to have the children on alternate weekends is reversed and those causes are remanded for further proceedings.

All concur.

## ON MOTION FOR REHEARING OR TRANSFER TO SUPREME COURT

### PER CURIAM.

Gloria has filed a motion for rehearing or to transfer to the Supreme Court in which she alleges the opinion denied her the right under Rule 55.06 to present alternate theories of recovery and is in conflict with *Flickinger v. Flickinger*, 494 S.W.2d 388 (Mo.App.1973) and *Fleming v. Fleming*, 562 S.W.2d 168 (Mo.App.1978) because the order of July 22, 1976, was made without a hearing.

This court held that Gloria had abandoned her attack on the July 22, 1976 order

modifying the decree as to custody by trying her case on the theory that the best interest of the children required the modification rather than the invalidity of the prior order. Of course, this court is not holding that Gloria could not bring alternate theories in one action as permitted by Rule 55.06. The ruling was that Gloria had pleaded the invalidity of the prior order and the best interest of the children as grounds for modifying the previous order and had abandoned the invalidity ground in the hearing.

Gloria now urges that the previous order granting custody to Ben was void because it was entered without notice or hearing. The only evidence before this court concerning the order of July 22, 1976, is a copy of such order attached to the back of the transcript. The order states that the court heard evidence on September 30, 1975. No transcript or other record of the proceedings in connection with the order of July 22, 1976, have been filed here, nor was such presented to the trial court. Thus, all of Gloria's arguments concerning the failure of the court to hold an evidentiary hearing before changing custody from her to Ben is made without benefit of evidence and in the face of the judgment recital that an evidentiary hearing was held. Thus, even if this court had concluded that Gloria had not abandoned her claim concerning the invalidity of the July 22, 1976, order there would be no evidence before this court upon which a finding could be based to sustain her position concerning its invalidity.

The motion for rehearing is overruled and the motion for transfer to the Supreme Court is denied.