Sandra K. ESCOBEDO, Appellant,

v.

Bolivar M. ESCOBEDO, Respondent.

No. 48805.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 13, 1985.

Richard B. Dempsey, Union, for appellant.

Irving L. Cooper, Clayton, for respondent.

CLEMENS, Senior Judge.

Contempt of court. Appellant-mother appeals the granting of respondent-father's motion to cite her for contempt. This for disobeying the court's previous order granting the father visitation with the parties' four-year-old daughter.

The underlying decree had ordered the mother to permit the father to have overnight visitation in his home on weekends and also four hours every Thursday.

The trial court found the mother had prevented the father's visitations by taking the child to Florida for over four days and again to Michigan during the father's visitation time. The court found the mother had willfully violated its custody decree, was thereby in contempt, fined her $500 and ordered her to pay the father $2,000 for his attorney fees.

Here, the mother does not challenge those amounts but denies she willfully violated the decree because the out-of-state trips were in the child's best interest and she had taken reasonable steps to notify the father thereof.

The father testified that on each of the charged occasions he had waited at the mother's home for over an hour without response; later he learned the mother was out of town. On her own behalf the mother testified she had made the mentioned trips after asking her counsel and husband's secretary to notify the father, but there was no confirming testimony.

Here the mother cites two Missouri cases. *Shanks v. Shanks*, 603 S.W.2d 46 [1, 2] (Mo.App.1980) holds a contemner's conduct must be willful and contumacious. *Bopp v. Bopp*, 671 S.W.2d 348 [11, 12] (Mo.App.1984) upholds the trial court's ruling unless it is clearly an abuse of discretion.

A marriage dissolution court has the duty to protect its orders and punishment for non-compliance is discretionary. *Carroll v. Blankenship*, 553 S.W.2d 307[5] (Mo.App.1977).

In our review we give due regard to the trial court's opportunity to weigh the credibility of the witnesses. *In Re Marriage of Engelhardt*, 552 S.W.2d 356[1] (Mo.App.1977). When, as here, evidence shows violation of a child-custody order the burden falls on the custodian to show the violation is faultless. *Blair v. Blair*, 600 S.W.2d 143[5, 6] (Mo.App.1980). Under those principles we hold the trial court did not abuse its discretion in finding the mother in contempt.

Affirmed.

DOWD, P.J., and CRIST, J., concur.