## In re WEBB STEELE'S ESTATE.

### Kansas City Court of Appeals, December 1, 1902.

1. **Guardian and Curator: CURATOR'S COMPENSATION.** Where a curator is not required to give any considerable part of his time to the collection and preservation of his ward's estate, his allowance under the statute is five per cent upon the whole amount of money received.

2. ———: COMPENSATION: ATTORNEY'S FEE: COURT QUESTION. While a curator who is an attorney may employ the services of a lawyer, it is still a question for the court to determine the necessity of such services and their value.

3. ———: ANNUAL SETTLEMENTS: JUDGMENTS: EVIDENCE. The annual settlements of a curator are judgments and constitute a prima facie case in his favor which may, as in this case, be overcome by other evidence.

4. ———: COURT'S DUTY. The court should guard with great care the interest of minors and protect them against the cupidity of others.

Error to Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

AFFIRMED.

*Vinton Pike* for plaintiff in error.

(1)   The case admits that Owen was a faithful trustee, that his conduct is above criticism and his service meritorious.  The only issue in the case, and the only one that ever was in it, is as to the amount of compensation.  Two courts have passed upon it, the first one on several occasions, when it was better advised than the last one.  The action of the first made a prima facie case for the curator.  In the second court that prima facie case was not overcome by evidence, but the judge set up his own judgment against the judgment of the first court, the prima facie case and the weight of the evidence and upon independent grounds fixed "in lump" what he thought should be just for each curator and attorney.  This is contrary to settled law.  State ex rel. v. Strickland, 80 Mo. App. 401; State ex rel. v. Elliott, 82 Mo. App. 458; Ansley's Estate, 68 S. W. 609.  (2)   The finding is a substantial approval of every item for which compensation was allowed by the probate court.  The circuit judge thought it was more just to pay in bulk after services were rendered and a survey of all that had been done and the results could be had.  That view is too one-sided. A curator can not obtain assistance of counsel free.  Such assistance is not compulsory.  It must be paid for and the counsel employed is entitled to some consideration. What was just and right then, although individuals may disagree about it now, is the criterion.  (3)   It was urged in the court below, and doubtless will be here, that the compensation allowed was for administering an estate of $3,400.  The circuit judge may have taken that limited view of the case.  But that view is neither adequate nor fair.  The curator and his attorney saved from jeopardy a trust fund of $10,000.  They realized out of the homestead $4,300 more than other parties estimated it to be worth.  They recovered in the circuit court in Pitts v. Weakley the ward's share in the 794 shares of stock, worth, since it appears the company was solvent, more than $25,000.  They lost on appeal, but the suc-

cess in the trial court justified the suit. If the decree had been affirmed there would have been no complaint of the allowance. The attorney's services were not worth less because of the ultimate failure of the suit. (4) The rule which treats the allowances by the probate court as prima facie correct means that the probate court fully and properly considered the whole matter and its action shall stand until the whole matter is again presented. The burden is on the ward to make the showing. Ladd v. Stephens, 147 Mo. 219; 1 Green. Evid., sec. 33.

*Mosman & Ryan* for defendant in error.

(1) The only question before this court on this appeal is, was there sufficient evidence to support the finding and judgment of the trial court? The *onus probandi,* therefore, is upon the plaintiff in error to show this fact from the record. The judgment of the trial court is prima facie to be considered a right decision. Kinney v. Vallingham, 9 Mo. App. 107. When the record is incomplete all presumptions are in favor of the correctness of the proceedings, rulings and judgments of the trial court. Vaughn v. Railroad, 34 Mo. App. 141; Missouri Appellate Practice, page 104; Routsong v. Railroad, 45 Mo. 236. (2) The trial court not only had the advantage of seeing the witnesses, hearing all the oral testimony offered as to the nature and kind of services performed by the curator and his attorney, but also had the opportunity of examining the records and papers of the probate court, in connection with the administration of this estate. (3) Counsel for plaintiff in error recognize that the compensation asked by the curator for himself and attorney is unreasonable for the services rendered, and attempt to justify the same on the ground that the curator performed special and extraordinary services in securing the trust fund that Weakley held and in securing a purchaser, who paid a good price for the real estate sold in partition. If he had performed this service it would have been only the usual duty imposed upon him in

caring for the estate and he is entitled to no extra compensation therefor. (4) We concede the law to be that an annual settlement of a curator approved by the probate court is prima facie correct, but in this case evidence was introduced before the trial court both as to the service rendered, and as to the value of the same. This evidence fully overcome the presumption in favor of the annual settlement, therefore the authority cited in appellant's brief upon this point has no application to the facts in this case. (5) While in this class of cases the appellate court is not concluded by the finding of the trial court, yet on account of the superior advantage which the trial court possesses of weighing the evidence and judging of the credibility of the witnesses, much deference is given to its findings. Parker v. Roberts, 16 Mo. 657; Blunt v. Spratt, 113 Mo. 48; Toller v. McCabe, 52 Mo. App. 532. The finding of the court below will be deferred to unless it has manifestly disregarded the evidence. Snell v. Harrison, 83 Mo. 652.

BROADDUS, J.—This appeal grows out of the final settlement of Herbert A. Owen as curator of the estate of Webb Steele, in which the curator charged himself with $3,481.23 and asked credit for $1,249.27, which left a balance in his hands of $2,231.96. Exceptions were filed in the probate court to certain allowances in favor of the curator. The case was appealed to the circuit court where the exceptions were partly sustained and curator's account restated, whereupon he appealed to this court.

The following items are in controversy, viz:

April 1, 1896, John M. Stewart, on account of attorney's fee, $100.

August 21, 1896, John M. Stewart, attorney fee, $50.

January 4, 1898, John M. Stewart, attorney fee, $50.

July 18, 1898, John M. Stewart, attorney fee, $20.

August 29, 1898, John M. Stewart, attorney fee, $50.

August 28, 1899, John M. Stewart, attorney fee, $25.

August —, 1900, John M. Stewart, attorney fee, $10.

August 21, 1896, H. A. Owen, services as curator, $100.

August 29, 1898, curator's compensation, $25.

August 28, 1899, curator's compensation, $250.

August —, 1900, curator's compensation, $25.

All these items were allowed by the probate court, which allowances were excepted to by the ward who appealed to the circuit court, as aforesaid, where the case was heard, upon which hearing the court restated the curator's accounts and reduced his fees from $400 to $250, and fees for attorney from $305 to $200.

The curator has appealed to this court and assigns as a ground for reversal that the action of the trial court was not justified by the evidence.

It was disclosed by the evidence that all the estate that came into the curator's hands, except a library appraised at $125, was realized from rents, from the administrator of Mildred E. Steele on orders of distribution, and from the sheriff of the ward's distributive share growing out of a sale in partition. There was no trouble attending the collection of the money constituting the ward's estate. But the record further discloses that there was another estate in which the ward had an interest, and one in which it was at first supposed he had some interest but later decided to the contrary.

There was $10,000 in the hands of one Beattie Weakley, who held it in trust without bond for Webb Steele, the ward herein. The curator deemed it a duty he owed his ward to require the trustee, Weakley, to secure said sum; and for that purpose he instructed his attorney to prepare a petition and file it in the circuit court of the county for the purpose of compelling said trustee, Weakley, to give bond to secure said trust money. The attorney prepared and filed the necessary petition in the circuit court, upon notice of which said Weakley executed a bond, prepared by said attorney, with satisfactory security. The record does not show that the curator was allowed any par-

ticular sum for the services of his attorney in said matter.

There was another suit in which the ward was joined as plaintiff with another party against Susan B. Weakley and her husband for the recovery of certain stock which it was charged they held in trust for the plaintiffs in that suit. It does not appear that the curator's attorney, Mr. Stewart, rendered any important services in the case, and the record here does not show that the curator was allowed any sum as compensation for said attorney's services in the matter. But it does appear that on August 29, 1898, John M. Stewart, the attorney, presented a bill of $120 for services rendered the minor in litigation in the circuit court, and for other services. The bill, however, is not copied into the record. Said Stewart, however, testified on the trial as to the services he rendered in the two cases. As to the first case mentioned, his evidence was in substance that he had much trouble in getting Weakley, the trustee, who was insolvent, to make a bond to secure the money in his hands belonging to the ward; that it required considerable diplomacy, and that he was bothered with the business about a month. W. D. Rusk, a member of the Buchanan county bar, testified that ordinarily a fee of twenty or twenty-five dollars would be a reasonable compensation for such service, but that under the facts as stated by Mr. Stewart such services would be worth one hundred dollars. Weakley, the trustee, testified that when he got notice of the application he promptly gave the desired bond.

The estate in the hands of the curator does not appear to have been involved in any dispute or litigation whatever. All that the curator did with respect to it was to collect certain rents due his ward, and to receive his distributable share from the administrator of Mildred E. Steele, and his share of the proceeds of said partition sale.

An inspection of the final settlement shows that the money for which the curator asks credit, except for court costs and small sums paid the ward from time

to time, were mostly allowances to himself as compensation for his services, and for the services of his attorney. The whole amount for which the curator received credit was $1,249.79, of which sum $705 was for himself and his attorney. There is no statement in the record showing in detail the services rendered by the curator. It does not appear that he was put to any expenditure of his time in preserving the estate, as from its nature he could not well have been. Under such circumstances his allowance under the statute should have been five per cent upon the whole amount of $3,481.23, or, in other words, $174.06. As the record does not show that he gave any considerable part of his time to the proceedings to compel Weakley to give bond to secure the trust funds of his ward in said Weakley's hands as trustee, we think the court may have properly found that an allowance of $250 would be ample compensation for all his services.

Judging from the items of which they are composed, the annual settlements of the curator were not complicated. They were plain matters of debit and credit, not involved with legal questions and requiring for their presentation to the probate court no greater skill than that possessed by the ordinary business man. And it was shown that the curator, who was a lawyer, was as capable of making the settlements as his lawyer. We are not holding that a curator should not be allowed, when necessary, suitable compensation to employ another lawyer to assist him, though he may be a lawyer himself. But after all, it is a question for the court to determine whether such service is necessary and what compensation shall be allowed for it.

But the appellant contends that the annual settlements of the curator are judgments and as such constitute a prima facie case in his favor. Such is the law. State ex rel v. Strickland's Admr., 80 Mo. App. 401, and other cases. And it is claimed that this prima facie case was not overcome by the evidence, but that the judge acted according to his own judgment of the matter and not upon evidence. We think, however,

that the finding of the circuit court is amply sustained by the record. The court might well have held that there was no necessity for allowing the curator any compensation whatever for services for an attorney for making any of the settlements in issue, annual or final, as the curator himself was an attorney and competent to make them without legal assistance. The curator was allowed over twenty per cent of the entire estate in his hands as compensation for himself and attorney, which seems to us, considering the nature of the estate and the services rendered, a very extraordinary allowance.

The courts should guard with great care the interests of minors and protect them against the cupidity of the persons to whom the law has confided the custody of their property.

Finding no error, the cause is affirmed. All concur.