Annette B. EAGLETON, n/k/a Annette B. Mandel, Plaintiff–Respondent,

v.

Mark David EAGLETON, III, Defendant–Appellant.

No. 54334.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 20, 1988.

Lashly, Baer & Hamel, P.C., Jeffrey J. Lowe, St. Louis, for defendant-appellant.

Davidson, Schlueter, Mandel & Mandel, Alan S. Mandel, St. Louis, for plaintiff-respondent.

KAROHL, Judge.

The object of this appeal is the only child of the marriage of the parties, Mark Christopher (Christopher), born December 15, 1981. The parties were married in 1981 and they separated in 1982. A dissolution was granted in February, 1985. In the dissolution proceeding the court found that both parties, appellant father and respondent mother, are fit parents and both have a close and loving relationship with their son. The court also found evidence of an animosity existing between the parties.

The decree of dissolution granted legal custody to mother and joint physical custody to mother and father, and decreed a plan or schedule for father to have physical custody of Christopher. The custody arrangement was as follows. Father had custody of Christopher from 5:30 p.m. on Tuesday to 8:00 a.m. on Wednesday and from 5:30 p.m. on Thursday to 8:00 a.m. on Friday. Alternating weeks father had custody from 5:30 p.m. on Tuesday to 8:00 a.m. on Wednesday and from 5:30 p.m. on Thursday to 8:00 a.m. on the following Monday. These periods were adjusted to accommodate express custody periods for Christmas, Easter, Fourth of July, Thanksgiving and Christopher's birthday. Provisions were also made for Father's Day, Mother's Day and birthdays of the parties. In addition, each parent was entitled to two weeks vacation with Christopher, upon thirty days written notice.

This appeal by father involves judgments on mother's motion to modify the custody provisions of the decree and father's motion for contempt, which alleged mother knowingly and intentionally denied temporary custody under the decree. Mother filed a motion to modify at 2:12 p.m. on December 4, 1986. Father filed a motion for contempt on the same day at 2:26 p.m. Father served mother an order to show cause under the contempt motion on August 5, 1987 returnable before Judge Baker, Division 15, Circuit Court of the City of St. Louis on August 20, 1987. The matter was continued. The parties appeared for trial on the motion to modify and the motion for contempt on September 1, 1987. On that day the court held a pretrial hearing. The matter was continued. On September 3, 1987 father filed a motion to

disqualify Judge Baker, alleging that the events which occurred during the pretrial hearing evidenced an inability of father to get a fair and impartial hearing before Judge Baker. The motion requested that Judge Baker voluntarily recuse herself for cause, or in the alternative, grant father's motion for a change of judge as a matter of right on the authority of Rule 51.05. On September 8, 1987 the court heard, considered and denied the motion to recuse or disqualify. On September 21, 1987 father served a setting notice for the order to show cause and hearing the merits of his contempt motion on October 2, 1987. On September 28, 1987 mother filed a notice of hearing on her motion to modify on October 2, 1987.

On October 2, 1987 the parties appeared for trial on both motions. Father renewed his motion to disqualify Judge Baker. The motion was denied. Father then immediately filed nine specific requests for findings of fact regarding his motion for contempt pursuant to Rule 73.01(a)(2) and eighteen specific requests for findings of fact regarding mother's motion to modify on the authority of the same rule. At the conclusion of the hearing the court requested both parties to file proposed findings of fact, conclusions of law and order.

On December 15, 1987 the court entered findings of fact responsive only to the motion to modify filed by mother. No mention is made of father's motion for contempt. The modification findings are not responsive to the findings of fact specifically requested by father at the beginning of the hearing on mother's motion to modify. The court granted mother's motion to modify. The substantial modification in the order merely eliminated the Tuesday night temporary custody and altered the Christmas temporary custody. The modification order otherwise reaffirmed the custody provisions in the decree of dissolution. After entry of the judgment on only the motion to modify, father received a court cost bill taxing costs on both mother's motion to modify and his motion for contempt. Fa-

ther appeals from an adverse ruling on both mother's motion to modify and his motion for contempt.

■ Father was entitled to specific findings of fact on controverted fact issues requested before hearing on the motion to modify and the motion for contempt and to a ruling on the motion for contempt. Rule 73.01 provides a procedure for the trial court in hearing a case without a jury. Subsections (a) and (b) are directions for the trial court. Subsection (a)(2) provides in relevant part:

> If any party so requests before final submission of the case, the court *shall* dictate to the court reporter, or prepare and file, a brief opinion containing a statement of the grounds for its decision and the method of determining any damages awarded; and may, *or if requested by counsel, shall*, include its findings on such controverted fact issues as have been specified by counsel. Rule 73.-01(a)(2). (Our emphasis).

Subsection (c) defines the function of this court in reviewing judgment in court tried cases. We find the provisions of Rule 73.-01(a)(2) mandatory where a party prepares and files a request for findings on specified controverted fact issues. Not only did the court not make the findings requested on mother's motion to modify, but it made no findings whatever on father's motion for contempt. After the ruling on the motion to modify and before notice of appeal was timely filed, father twice filed written requests with the court to enter findings on the specified controverted issues on both motions [1]. The file reflects no response to these requests. The requested findings track the contested issues on both motions. Our duty to review is materially disrupted because the findings were not made, especially on the contempt motion. Accordingly, we reverse and remand to the trial court to enter the findings of fact specifically requested before trial and to rule on the motion for contempt.

---

**1.** Only controverted fact issues are properly the subject of Rule 73.01(a)(2) findings. Some of

the requests in the present case do not qualify.

Two issues must be resolved before remand. Accordingly, we decide them on this appeal.

■ First, father contends that the court erred in refusing to disqualify on motion. He contends that the motion to modify and the motion for contempt were filed in December, 1986 and Rule 51.05(b) as it was then published should control. That rule provided a disqualification of right if application was made at least thirty days before the trial date or within five days after setting or within ten days after trial judge is designated, whichever date is later. Present Rule 51.05(b) became effective on January 1, 1987. It provides a party is entitled to disqualify a judge on request for a period thirty days after an answer is due if the trial judge is then designated; if not, within thirty days of designation and notice, unless designation occurs within thirty days before trial. In the last circumstance application is timely if filed before proceedings of record commence. Father filed an answer in January but claims no designation of judge was ever made. Hence, he claims the former rule applies and his motion was timely.

We find no error in the ruling of the trial court that the motion to disqualify was untimely. The motion was untimely under either rule. Further, father waived any objection.

Judge Baker was the designated judge of Division 15, a domestic relations division, from January 1, 1987 to the date of hearing on October 2, 1987. The case was assigned to Division 15 throughout 1987. Accordingly, the requirements of designation were satisfied on January 1, 1987 and the September 3, 1987 motion was untimely. Even under the prior form of rule the time for disqualification expired well before September 3, 1987. In addition, father's request for an order to show cause was returnable before Judge Baker on August 20, 1987, continued and heard by Judge Baker on October 2, 1987. Father noticed the eventual hearing date before Judge Baker before mother adopted the date for modification hearing. Under these circumstances father both objected and consented to Judge Baker hearing the motions. The alleged grounds for disqualification were events which occurred on September 1, 1987. The court determined the facts did not mandate disqualification. Responses of the court during pretrial were expressions of opinion, subject to evidence, and not declarations prejudging the dispute. This claim of error is denied.

■ Second, wife claims that the motion for contempt was never heard and remains pending in the trial court as a separate proceeding. This contention is refuted by the record. The court announced at the beginning of the hearing that it "has before it today petitioner's motion to modify and the respondent's motion for contempt." Both parties thereafter announced that they were ready to proceed. Further, father's cross-examination of mother and father's testimony was directed toward proof of the elements of contempt. It follows that the court did hear, but the record reflects did not decide, the motion for contempt. The court apparently considered that the modification resolved the contempt issues. There is no legal authority for that view. Father was entitled to findings on his motion for contempt particularly where: (1) the four elements of a prima facie case of contempt set forth in *Blair v. Blair*, 600 S.W.2d 143, 146 (Mo.App.1980) were proven by father's testimony and admissions of mother; (2) the court has the duty to protect its orders, *Escobedo v. Escobedo*, 686 S.W.2d 52, 53 (Mo.App.1985); (3) good faith, if found, of a party in violating a court's order is not a defense to a contempt action, *A.G. v. R.M.D.*, 730 S.W.2d 543, 546–47 (Mo. banc 1987); and, (4) acts interfering with custody or visitation rights constitute evidence that can be considered in determining whether to grant or deny modification of a custody decree. *Knoblauch v. Jones*, 613 S.W.2d 161, 167 (Mo.App. 1981).

Fortunately, the object of this appeal, Christopher, is by all the evidence a well adjusted seven year old boy. The parties both agree. They also agree that both are capable, loving parents and that Christopher deserves custody arrangements to

provide a continuing relationship with both parents. There is further agreement in the remedy requested under the motion to modify. On redirect examination mother's counsel asked "the only reason that you're here today is to prevent Christopher from being bounced back and forth like a basketball?" Mother replied "Yes." Her objection to the arrangement under the decree of dissolution was the back and forth movement, particularly the weekly Tuesday night to Wednesday morning transfer. The decree required a Tuesday night temporary custody with father, Wednesday at his mother's home and a return to father for Thursday night. The alternate week was similar, but added Friday, Saturday and Sunday with father.

The contempt motion alleging denial of temporary custody made by father involved only a knowing refusal to permit the temporary custody on Tuesday nights. Father was asked if he objected to the decree being modified to eliminate Tuesdays as long as the days were made up in some other way. His answer was "Oh, I think blocks of time are much more effective, and I'd like to have time with him during the weekend." Father was prepared to eliminate the Tuesday night custody in exchange for a full week a couple of times during the school year so that Mark "wouldn't be shuffled back and forth."

Failure of a court to prepare specified findings of fact as requested by counsel is error, and mandates reversal when such failure materially affects the merit of the action or interferes with appellate review. *See, Jo B. Gardner, Inc. v. Beanland,* 611 S.W.2d 317, 321–22 (Mo.App.1980). We find the failure to make specified findings regarding the motion for contempt materially hinders, limits or interferes with full appellate review of father's appeal of modification decree and apparent denial of father's motion for contempt. Application of Rule 73.01(a)(2) is not softened in the present case by Rule 84.13(b) because there is no express judgment on father's motion for contempt and the effect of this failure on the modification is uncertain in the absence of requested findings. *See, id.* at 321. We reverse and remand with directions that the trial court make findings of fact on controverted fact issues in response to the requests made on the motion to modify and the motion for contempt and enter appropriate conclusions of law and judgments on the basis of the findings. *See, id.* at 321–22; *State ex rel. State Highway Commission v. Carlton,* 453 S.W.2d 642, 651–52 (Mo.App.1970).

Reversed and remanded with directions.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.