**Daniel John MADDOX,
Plaintiff–Appellant,**

v.

**DIRECTOR OF REVENUE
Defendant–Respondent.**

No. 54554.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 30, 1989.

Lee R. Elliott, Troy, for plaintiff-appellant.

George "Buzz" Westfall, Pros. Atty., Joan L. Moriarty, Asst. Pros. Atty., Clayton, for defendant-respondent.

PUDLOWSKI, Chief Judge.

This appeal issues from the trial court's denial of appellant, Daniel Maddox's motion for a change of judge.

Appellant, Daniel Maddox's driver's license was revoked by respondent, Director of Revenue, pursuant to § 577.041.1 RSMo (1986), for refusal to submit to a breath analysis test. Appellant filed a timely petition for review of the director's action in the St. Louis County Court pursuant to § 577.041.2 RSMo (1986). Appellant con-

tested the legality of the arrest and the accuracy and efficacy of the submitted affidavit. On November 2, 1987, the case was transferred from Division 35 to Division 36. On January 11, 1988, Judge Daniel O'Toole of Division 36 in the Twenty-first Judicial Circuit continued the trial to March 7, 1988. Due to the Honorable Daniel O'Toole's unavailability on the trial date, the Honorable Ralph H. Jaynes, Associate Circuit Judge of the Fourteenth Judicial Circuit, was temporarily transferred to the Twenty-first Judicial Circuit and assigned the cause. No notice was given to appellant or his attorney that a substitute judge was assigned to hear the trial. Appellant's attorney first became aware of the appointment of the Honorable Judge Jaynes on the day of the trial. Prior to any proceeding on the record, appellant's counsel requested a continuance of the case. The court denied the request. Appellant's counsel then filed a motion for a change of judge. This also was denied. The hearing was held. The court found the revocation of appellant's license proper. The appellant appeals.

Supreme Court Rule 51.05(a) mandates that "a change of judge shall be ordered in any civil action upon the filing of a written application therefor by any party or by his agent or attorney. The application need not allege or prove any cause for such change and need not be verified." Appellant's application was timely filed. Appellant filed his request in writing immediately after learning of the designation of Judge Jaynes and prior to the commencement of any proceeding on the record. Rule 51.05(b).

Section 577.041.2 RSMo provides for judicial review of a driver's license revocation pursuant to § 577.041.1 RSMo. It provides:

> If a person's license has been revoked because of his refusal to submit to a chemical test, he may request a hearing before a court of record in the county in which he resides or in the county in which the arrest occurred. Upon his request the clerk of the court shall notify the prosecuting attorney of the county and the prosecutor shall appear at the

hearing on behalf of the arresting officer. At the hearing the judge shall determine only:

(1) Whether or not the person was arrested;

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and

(3) Whether or not the person refused to submit to the test.

§ 577.041.2 RSMo (1986).

Review of a Department of Revenue driver's license revocation for refusal to submit to a chemical breath test is a civil proceeding. *Delaney v. Missouri Department of Revenue,* 657 S.W.2d 354, 356 (Mo.App.1983); *State v. Byerly,* 522 S.W.2d 18, 20 (Mo.App.1975).

Appellant timely filed his application for change of judge. Therefore Judge Jaynes was prohibited from taking any further action in the cause except to enter an appropriate order disqualifying himself and to take appropriate steps to secure another judge.

Reversed and remanded.

CRANDALL and CARL R. GAERTNER, JJ., concur.