Trudy Louise McMICKLE,
Appellant–Respondent,

v.

Ronald D. McMICKLE, Respondent–
Appellant.

Nos. WD 46719, WD 46770.

Missouri Court of Appeals,
Western District.

Sept. 28, 1993.

Roger Guy Burnett, Burnett & Driskill, Liberty, for appellant-respondent.

Dennis C. Eckold, Kansas City, for respondent-appellant.

Before BERREY, P.J., and BRECKENRIDGE and HANNA, JJ.

BRECKENRIDGE, Judge.

This appeal arises from an order modifying the child support provisions of the trial court's decree of dissolution due to the emancipation of the parties' son. Trudy Louise McMickle (Mother) appeals from an order reducing the amount of child support Ronald D. McMickle (Father) is to pay from the $1,100 lump sum payment for the two children to $407.49 for the parties' daughter plus one-half of her educational and medical expenses. Father filed a cross-appeal from a judgment of $8,250.00 entered against him for a child support arrearage. Mother raises five points on appeal. In four of these points she claims the trial court misapplied the law and ruled against the weight of the evidence in finding a substantial and continuing

change of circumstances that justified a modification of support and in computing the support amount needed for the parties' daughter. Mother claims in an additional point that the trial court erred in not making findings of fact pursuant to Rule 73.01 as she requested. Father's cross-appeal asserts a misapplication of law in the trial court's refusal to order a reduction of child support retroactive to the date of his son's emancipation. The judgment is affirmed.

The original decree dissolving the marriage of Trudy Louise McMickle and Ronald D. McMickle was entered on February 26, 1988. There were two children born of the marriage, Byron Dean McMickle, born November 25, 1970, and Tracy Renee McMickle, born September 10, 1977. Mother was awarded custody of the children and Father was ordered to pay lump sum support in the amount of $1,100 per month for the two children.

On February 4, 1991, Father filed a motion to modify the order of child support alleging a substantial change of circumstances in that Byron was age 20 and was not enrolled in any secondary school or program of instruction. Father requested a judicial determination that Byron was emancipated and a termination of Father's duty to support Byron. Mother does not contest that Byron is emancipated, but she challenges the trial court's finding that such change of circumstances renders the prior order of support unreasonable when considering her daughter's special needs.

Tracy was fourteen years old at the time of the hearing on the motion to modify. When she was five years old, Tracy was diagnosed with a brain tumor and underwent two surgeries thereafter. As a result of her illness and its treatment, she suffers some disabilities. Tracy attends public school where she is enrolled in a learning disabilities class. She receives additional instruction at the Sylvan Learning Center to improve her reading skills, at a cost of $240 per month. Tracy's medical expenses attributable to her condition are covered by insurance, except for a

deductible and twenty percent of prescription costs. The cost for medical and dental treatment for Tracy in 1991, which was not reimbursed by insurance, was $1,646.

The court found a change of circumstances so substantial and continuing as to warrant a modification of the decree of dissolution in that Byron's emancipation in January, 1991 resulted in a decrease in Mother's support expenses. The court also found that Mother's income had increased more than twenty percent since the date of the decree of dissolution enabling her to make a greater contribution toward the support of Tracy. The trial court determined the presumed child support under the Rule 88.01 guidelines to be $799, with Father's fifty-one percent share being $407.49. This figure varies more than twenty percent from the original amount of support. Due to Tracy's special needs, the court found the presumed child support amount under Rule 88.01 to be unjust and inappropriate. The court, therefore, ordered that the original child support be modified so that Father's support obligation was reduced from $1,100 to $407.49 per month plus additional support of one-half of tutorial and educational expenses and one-half of medical expenses not covered by insurance.

■■■ In her Point I, Mother asserts that the trial court erred in applying the law under § 452.370.1, RSMo Cum.Supp.1992,[1] and Rule 88.01 by finding that Father made a prima facie showing of a substantial change of circumstances which rendered the prior order of child support unreasonable. Father, as the party seeking the modification, bears the burden of showing a change of circumstances so substantial and continuing that the current terms of child support are unreasonable. *Davidson v. Davidson,* 786 S.W.2d 186, 187 (Mo.App.1990). Once the moving party has met the burden of proving a change of circumstances, child support is determined by applying the criteria in Rule 88.01. § 452.370.2; *Campbell v. Campbell,* 811 S.W.2d 504, 506 (Mo.App.1991). On appeal, the trial court's ruling will be affirmed unless there is no substantial evidence to

1. All statutory references are to Revised Missouri Statutes Cumulative Supplement 1992, unless otherwise stated.

support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Weber v. Weber*, 804 S.W.2d 756, 758 (Mo.App.1990); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Due regard is given to the trial court's superior ability to view the witnesses and determine their credibility. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). "The trial court is free to believe or disbelieve all, part or none of the testimony of any witness." *Id.*

Mother focuses on the finding of the trial court that Mother's income has increased by more than twenty percent since the date of the Decree of Dissolution. She argues that any computation which fails to take into consideration all the factors enumerated by Rule 88.01 is flawed if such computation is to be compared with the original amount of support to determine if there is a change of twenty percent and, thus, a prima facie showing of a change of circumstances. Rule 88.01 states:

> When determining the amount of child support to order, a court or administrative agency shall consider all relevant factors, including:
>
> (a) the financial resources and needs of the child;
>
> (b) the financial resources and needs of the parents;
>
> (c) the standard of living the child would have enjoyed had the marriage not been dissolved;
>
> (d) the physical and emotional condition of the child; and
>
> (e) the educational needs of the child. There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration

of all relevant factors, is unjust or inappropriate.

Mother notes the conjunctive, connecting word "and" between the subsections of Rule 88.01 as authority for her argument that a prima facie case cannot be established using a mathematical computation based upon only one subsection. She argues that there could be a twenty-percent change relying on the computation under one subsection, while there is not a twenty-percent change when relying on the computation under a different subsection.

Section 452.370.1 sets forth the test for determining whether a prima facie showing of change of circumstances has been made. The pertinent portion of § 452.370.1 states:

> If the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable.

This court is required to give the language of the statute its plain and ordinary meaning. *Brownstein v. Rhomberg–Haglin & Assoc.*, 824 S.W.2d 13, 15 (Mo. banc 1992). The plain and ordinary meaning of the language of § 452.370.1 indicates that, when determining if there is a prima facie showing of a change of circumstances, one computation of child support is to be made utilizing the guidelines and criteria set forth in all the subsections of Rule 88.01. Mother is correct that a finding that her income increased more than twenty percent was not a valid basis for a prima facie showing of a substantial change of circumstances. Even if the trial court incorrectly relied upon a calculation that Mother's income had increased twenty percent to establish a prima facie case, however, there is no prejudice to Mother in that there is other evidence of changed circumstances so substantial and continuing that the original order of support is unreasonable. This change of circumstances is independent of any prima facie showing under § 452.370.1.

At trial, Mother conceded that Byron is emancipated. Since his emancipation, Mother testified that she no longer pays for his car maintenance, gas and oil; car taxes, insurance and license; health insurance; dental care; clothing; phone bill; or the majority of his recreation. Mother testified that, besides living in her house and occasionally eating her food, Byron is financially independent. He pays Mother $100 per month toward the cost of his food consumption. The emancipation of Byron and the decrease in Mother's expenses due to his emancipation is a change of circumstances so substantial and continuing it requires modification of the amount of child support Father was ordered to pay. *See Beeler v. Beeler*, 820 S.W.2d 657, 661 (Mo.App.1991). Without resorting to a statutory prima facie case, Father met his burden of proving a change of circumstances. Point I is denied.

■ Upon the determination that Father met his burden of proving a change of circumstances, § 452.370.2 provides that the criteria of Rule 88.01 shall be utilized to determine the amount of child support. In her Point II, Mother challenges the reasonableness of the trial court's computation of child support. She claims that the Rule 88.01 child support presumption in the amount of $407.49 was rebutted by her evidence. The cornerstone of Mother's claim is her assertion that the trial court erred in adopting the presumed amount of child support which was calculated pursuant to Form 14. An examination of the trial court's order of support refutes Mother's claim of error.

Although Father's fixed monthly support payment is equal to the presumed amount of child support under the guidelines, the court ordered him to pay additional amounts for Tracy's educational and medical expenses as they are incurred. From Mother's testimony of Tracy's past and present needs, the amount of Father's share of such expenses would be approximately $190 per month. The trial court specifically found that the presumed amount of support under the Rule 88.01 guidelines was unjust and inappropriate considering Tracy's special circumstances. The trial court's determination that the presumption was inappropriate illustrates that the court considered the evidence presented by the parties and did not merely adopt the guideline amount. Point II is denied.

In Point III, Mother claims that the trial court erroneously applied the law by computing child support pursuant to Rule 88.01 and Form 14 because such rule does not require consideration of the financial contribution of Father's new spouse to the payment of his household expenses. She refers to § 452.-370.1 as authority for her argument that the financial contribution of Father's spouse must be considered. Mother confuses the requirements for determining a change of circumstances with the requirements for the computation of a reasonable amount of child support.

■ Section 452.370.1 requires consideration of "the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabitates" when determining whether a substantial change of circumstances has occurred. By its terms, Rule 88.01 is utilized for the calculation of the amount of child support. Rule 88.01 is only applied in determining a change of circumstances when the computation is utilized to establish a prima facie showing of a change of circumstances. As discussed in Point I, there is competent and substantial evidence in the instant case, independent of a prima facie showing, which establishes a substantial and continuing change of circumstances and justifies a modification of the order of child support. Since § 452.370.1 is inapplicable to the calculation of the amount of child support, it cannot serve as authority for Mother's contention that the child support calculation must include consideration of the extent to which household expenses are shared with Father's new spouse.

■ Although § 452.370.1 does not support Mother's argument, Rule 88.01 requires the court to consider the impact of Father's new spouse on his financial situation. Despite the fact that Form 14 does not incorporate the income of a present spouse in its mathematical calculations, Rule 88.01(b) requires that the court consider "the financial

resources and needs of the parents." When given its plain and ordinary interpretation, such language would naturally include consideration of the contribution of Father's present spouse to the payment of their household expenses, because Father's resources and needs and those of his spouse are interdependent. Even though the evidence indicates that Father and his new spouse keep separate bank accounts, Father testified that they share the expenses required to maintain their household. In order for the trial court to determine Father's needs, it necessarily considered the share of the living expenses paid by his spouse from her own resources. Point III is denied.

In Point IV, Mother alleges that the trial court erred in not setting forth all of the findings she requested in her Motion for Opinion Containing Statement of Grounds for Decision, Method of Determining Child Support, and Findings Pursuant to Rule 73.01. She claims the court's order of modification does not include the findings requested in paragraphs numbered 5 through 13, 16 and 17 of her motion.

In a case heard by a judge without a jury, Rule 73.01(a)(2) provides in pertinent part:

> The court shall render such judgment that it thinks proper under the law and the evidence. If any party so requests before final submission of the case, the court shall dictate to the court reporter, or prepare and file, a brief opinion containing a statement of the grounds for its decision and the method of determining any damages awarded; and may, or if requested by counsel, shall, include its findings on such controverted fact issues as have been specified by counsel.

Findings of fact inform the parties of the basis of the court's decision and promote meaningful review of the issues on appeal. *White River Dev. v. Meco Systems,* 806 S.W.2d 735, 740 (Mo.App.1991). The movant must specify the controverted factual issues upon which findings and conclusions are sought. *Buder v. Buder,* 824 S.W.2d 483, 485 (Mo.App.1992). The provisions of Rule

73.01(a)(2) are "mandatory where a party prepares and files a request for findings on specified controverted fact issues." *Eagleton v. Eagleton,* 767 S.W.2d 582, 584 (Mo.App. 1988). Failure of a trial court to make requested findings of fact, thus preventing effective appellate review, is a basis for reversal. *Id.* at 586. A review of the case law demonstrates a case-by-case approach to the evaluation of whether the trial court's failure to make requested findings will prevent meaningful appellate review.[2]

In the instant case, the Order of Modification includes fourteen findings made by the trial court in support of its ruling. A number of these findings address the issues raised by Mother's motion, even though they are not in the form she requested. Mother is correct in her assertion that the trial court did not respond to all of her requests for findings.

The trial court is required to make findings only upon controverted fact issues. *Eagleton,* 767 S.W.2d at 584 n. 1. Findings are required only as to facts which are in controversy and are material to the issues upon which the judgment in the case is based. *Friedman v. State Mut. Life Assur. Co.,* 108 S.W.2d 156, 165 (Mo.App.1937) *(overruled on other grounds by Langan v. U.S. Life Ins. Co.,* 344 Mo. 989, 130 S.W.2d 479 (1939). Findings are not required if the point upon which the finding is requested is irrelevant. *See Young v. Ray America, Inc.,* 673 S.W.2d 74, 83 (Mo.App.1984); *E.F. Higgins, Inc. v. Kuhlman Die,* 663 S.W.2d 318, 320 (Mo.App.1983). In addition, the mandatory tone of Rule 73.01(a)(2) must be interpreted in view of the admonitory language of Rule 84.13(b) which states that "[n]o appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action" and the language of Rule 84.14 that "[u]nless justice otherwise requires, the court shall dispose finally of the case." *Jo B. Gardner, Inc. v.*

---

2. *See Eagleton,* 767 S.W.2d 582; *Prange v. Prange,* 755 S.W.2d 581 (Mo.App.1987); *McClelland v. Williamson,* 627 S.W.2d 94 (Mo.App.

1982); *P.I.C. Leasing, Inc. v. Roy A. Scheperle Const. Co., Inc.,* 489 S.W.2d 219 (Mo.App.1972).

*Beanland,* 611 S.W.2d 317, 321 (Mo.App. 1981).

A few of Mother's requested findings do not pertain to controverted fact issues. One request by Mother is found in Paragraph No. 13 of her motion in which she requests the court to "set forth the factors and amounts used by the Court in determining whether [Father] had the ability to meet the child support award entered in the original Decree of February 26, 1988, by virtue of [Father's] spouse contributing to the expenses of [Father] and his spouse pursuant to § 452.370.1, RSMo." Father's ability or inability to pay the original award of support is not an issue in the case. He makes no claim that the original order should be modified because he is unable to pay. Therefore, Mother is not entitled to a finding on this issue.

The remaining findings requested by Mother which the court did not specifically address relate to the average monthly expenses of the parents, as well as the manner in which Father's expenses are impacted by the contribution of his new spouse. The court's failure to make these findings does not rise to the level of reversible error as such did not materially affect the merits of the instant case or interfere with this court's appellate review. *Id.* Both parents have gross annual income of approximately $45,000. The trial court found that Mother's income averages $3,819 per month from employment, $100 from her son and approximately $119 in investment income. The trial court found that Father's monthly earnings from employment are approximately $3,913. The reasonable sum necessary to support Tracy each month is $799 plus her medical and educational expenses of about $380, which the court ordered are to be met by contributions of approximately $581.51 from Mother and $597.49 from Father. It is not an abuse of discretion for the trial court to find that both Mother and Father have the financial ability to provide such an amount of support for Tracy notwithstanding the current amount of their monthly expenses.

The findings of fact made by the trial court on the controverted fact issues were adequate to insure meaningful appellate review by this court. Point IV is denied.

In Point V, Mother claims that the finding by the trial court that Mother's expenses for Tracy did not exceed the Form 14 amount, except for educational and medical expenses, is against the weight of the evidence. Mother claims that her uncontradicted evidence proved that Tracy's total expenses are $1862 per month. Since Father will pay one-half of Tracy's medical expenses and the Sylvan learning expense, it is appropriate to subtract such sums from Mother's estimates. The remaining expenses Mother claims for Tracy are $1517 per month. She argues that the trial court erred by finding that Tracy's expenses did not exceed the Form 14 calculation of $799, with Father's share being $407.49.

An award of child support is within the sound discretion of the trial court and is to be reviewed only to determine if there has been an abuse of discretion or erroneous application of the law. *K.R.W. By A.C.S. v. D.B.W.,* 830 S.W.2d 38, 40 (Mo.App. 1992). On review of a court-tried case, deference is given to the trial court's opportunity to determine the credibility of the witnesses. *T.B.G.,* 772 S.W.2d at 654.

The trial court heard the testimony of Mother and Father and received numerous exhibits into evidence concerning the financial needs of Tracy. Mother testified that the three persons living in her household were herself, Byron and Tracy. In dividing the costs of maintaining the household, however, she divided the costs only between herself and Tracy, and attributed $359 of the rent or mortgage payments to Tracy. Mother included in her expenses for Tracy one-half of the water, electricity, telephone, and trash service, for a total of $125. She also allotted $180 to Tracy for one-fourth of the payment on her auto loan; gas and oil; and car maintenance, taxes, license and insurance. Of the amount spent on groceries each month, she attributed $350 to Tracy, $250 to herself and testified that Byron's food expenses were not known. The balance of her monthly expenses for Tracy, other than medical or dental, were $125 for clothing, $70 for recreation, $10 for laundry and dry cleaning,

$15 for the beauty shop and $60 for school lunches, for a total of $280.

The evidence, in the light most favorable to the trial court's judgment, supports a finding that Tracy's reasonable share of the expenses is an amount less than Mother's calculations. The trial court specifically found that Father rebutted part of Mother's evidence concerning expenses related to the care of Tracy. The trial court's finding that a reasonable sum for the support of Tracy is $799, with Father's share being $407.49 plus one-half of her educational and medical expenses, is not an abuse of the trial court's discretion, nor is it against the weight of the evidence. Point V is denied.

In the cross-appeal, Father claims that the trial court erred in denying Father's request to reduce his child support obligation retroactive to the date of Byron's emancipation. Father claims that § 452.370.4 mandates the termination of an obligation for child support upon the emancipation of a child, and § 452.340 makes the custodial parent liable to the non-custodial parent for any support paid following emancipation of the child. Father argues that, therefore, the trial court was required by law to order the reduction of his child support obligation retroactive to January, 1991, the date of Byron's emancipation. His argument is without merit in that there is no rule of law requiring the retroactive reduction of a lump sum child support award upon the emancipation of one of the children covered by the award.

A non-custodial parent who is obligated to pay a lump sum for the support of more than one child must pay the full amount of support ordered until all the children are emancipated and is not entitled, without court authorization, to reduce the payment pro rata as each child is emancipated. *In re Marriage of Fry*, 827 S.W.2d 772, 776 (Mo.App.1992); *Sutton v. Schwartz*, 808 S.W.2d 15, 21 (Mo.App.1991); *Blackman v. Blackman*, 767 S.W.2d 54, 61 (Mo.App.1989). The provision of § 452.370.4 that child support is terminated by the emancipation of the child is inapplicable to the facts of this case, because there is no amount of child support which is payable only for the benefit of Byron.

 The effective date for a modification of child support, at any time subsequent to the filing of the motion to modify, is discretionary with the trial court. *Beeler*, 820 S.W.2d at 662. "Absent a clear abuse of discretion, appellate courts will not disturb the exercise of the trial court's discretion.". *Gable v. Gable*, 816 S.W.2d 287, 292 (Mo.App. 1991). Father does not demonstrate an abuse of discretion in the trial court's order that the reduction of child support be effective as of the date the order was entered. Father's cross-appeal is denied.

The judgment is affirmed.

All concur.