STATE ex rel. William F.
HAGLER, Relator,

v.

Honorable William Camm SEAY, Judge,
Circuit Court, Crawford County,
Respondent.

No. 77746.

Supreme Court of Missouri,
En Banc.

Oct. 24, 1995.

Charles A. Hurth, III, Union, for Relator.

Martin Mazzei, James A. Broshot, Steel-
ville, for Respondent.

HOLSTEIN, Chief Justice.

This prohibition action arises out of a dis-
solution of marriage proceeding. The relator
seeks to prevent Judge Seay from hearing
the case. A preliminary order in prohibition
was entered and is now made absolute.

On January 11, 1994, relator's wife filed a
petition for dissolution of marriage. Pursu-
ant to local court rule, Judge Dorman Steel-
man was assigned to the case. At no time
did either party file a motion pursuant to
Rule 51 for change of judge. The trial was
scheduled June 2, 1994, but continued until
February 8, 1995. Judge Steelman's term
ended December 31, 1994. The respondent
judge was elected circuit judge to succeed
Judge Steelman in November of 1994 and
was sworn in as judge on January 1, 1995.
Eight days later, relator filed a motion for
change of judge pursuant to Rule 51.05(e).
On January 31, 1995, Judge Seay overruled
the motion as untimely.

Rule 51.05(b) provides in pertinent part:

The application [for change of judge]
must be filed within thirty days after the
answer is due to be filed if the trial judge
is designated at the time the answer is
due.

. . . .

If the trial judge is not designated at the
time the answer is due ... the application
must be filed no later than thirty days
after the designation of the trial judge and
notification to the parties or their attor-
neys.

The sole issue to be decided is whether there
was a "designation of the trial judge" more
than thirty days prior to January 9, 1995.

From the above recital of the facts, it is
clear that Judge Seay was not a judge prior
to January 1, 1995. In order for Judge Seay
to become judge, not only was his election
required but a vacancy must occur for him to
occupy as a circuit judge. So long as Judge
Steelman held office during his term, as pro-
vided in Mo. Const. art. VIII, § 12, Judge
Seay could not be the judge.

The term "designated judge" has been
used in describing judges who are in office at
the time a case is assigned to them. *Eagle-
ton v. Eagleton,* 767 S.W.2d 582, 585 (Mo.
App.1988). The term has also been used to
describe a judge assigned to hear a matter
previously set before another judge. *Mad-
dox v. Director of Revenue,* 772 S.W.2d 412

(Mo.App.1989). To restate the obvious, one may not be the designated trial judge unless such person is a judge.

Nevertheless, the respondent argues that a court is a continuous institution regardless of changes in its personnel during the course of litigation and a successor judge takes up litigation to completion where his or her predecessor left it unless justice requires otherwise in a particular case. *Heintz v. Hudkins,* 824 S.W.2d 139, 146 (Mo.App.1992). That, of course, is true of every judge who is designated to hear a matter previously pending before another judge. However, Rule 51.05(b) starts the running of the time for filing the change of judge upon the "designation of the trial judge." The rules relating to change of judge do no violation to the principle cited in *Heintz.*

The rules governing change of judge give a civil litigant the right to disqualify a trial judge one time. *Matter of Buford,* 577 S.W.2d 809, 828 (Mo. banc 1979). To construe Rule 51.01(b) to include within the meaning of "judge" one who is a candidate for office or a prospective judge after an election would be, to say the least, a strained reading. Judge Seay became the designated trial judge when he became the judge of the division to which the case had been assigned. Under the plain language of the rule, relator then had thirty days to file a request for a change of judge. The request was filed within that time.

The preliminary writ of prohibition is now made absolute.

BENTON, PRICE, LIMBAUGH, ROBERTSON and COVINGTON, JJ., and BLACKMAR, Senior Judge, concur.