In the Matter of the ESTATE OF Che–Brielle WALKER.

**Anthony Ramirez, Plaintiff/Appellant,**

v.

**Che–Brielle Walker, a.k.a. Che–Brille Walker, Defendant/Respondent.**

No. ED 75834.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 29, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 11, 2000.

Application for Transfer Denied May 30, 2000.

Anthony B. Ramirez, St. Louis, pro se.

Cynthia Smuda, St. Louis, for appellant.

Daniel M. Roddy, St. Louis, for respondent.

CRANE, Presiding Judge.

Attorney-conservator of minor's estate petitioned the probate division of the circuit court (hereinafter "court") for compensation for work performed by himself and his assistants in the interest of the estate. He sought $125.00 per hour for all of the time he personally spent on the estate. The court determined that some of the attorney-conservator's hours were applicable to legal services and some of his hours were applicable to administrative services and awarded him $90.00 per hour for legal services and $45.00 per hour for administrative services. On appeal conservator contends that the court erred in 1) differentiating between his professional and non-professional services and compensating for these services at different rates, 2) finding that a just and reasonable rate for legal services was ninety dollars per hour, and 3) failing to make requested findings of fact and conclusions of law on material controverted issues. We affirm.

Che–Brielle Walker, a minor, obtained a settlement in a medical malpractice suit. The judge then sitting in the probate division of the circuit court insisted that an attorney be appointed as conservator. The minor's mother and the minor's attorney in the malpractice case selected attorney Anthony B. Ramirez (conservator) from a list of attorneys experienced in probate matters to act as conservator for the minor's estate. Conservator then petitioned the court that he be appointed. On December 3, 1991 the court issued letters of conservatorship to conservator for the care and custody of the minor's estate.

In 1992 conservator filed a petition for compensation requesting $2,047.50 as fees for services, which included 19.2 hours for his time as an attorney at $90.00 per hour and 7.1 hours for his legal assistant at $45.00 per hour. The court allowed the amount requested. In 1994 conservator filed an amended petition for compensation requesting $13,700.75 as fees for services, which included 79.155 hours of his time at a rate of $125.00 per hour and 63.45 hours of his legal assistants' time at $60.00 per hour. The court allowed $9,978.75 which reflects an allowance of $90.00 per hour for the conservator's time and $45.00 per hour for the legal assistants' time.

On May 20, 1997 conservator filed a petition for compensation requesting $14,-978.25 as fees for services, which included 70.65 hours of his time at a rate of $125.00 per hour, 42.35 hours of another lawyer's time at $90.00 per hour, and 51.90 hours of his legal assistants' time at $45.00 per hour. The court allowed $7,611.75 for all of these services. Conservator filed a motion for rehearing. In September, 1997 the court heard the testimony on conservator's motion. Three attorneys who represent fiduciaries in probate matters testified to their hourly rates and the hourly rates of other attorneys in the same field, and one testified to the hourly rate allowed by the court in another case. They each gave an opinion that conservator's claim was reasonable and that the work conservator performed was in the nature of an attorney's work.

At the hearing conservator gave the court affidavits of the minor's mother and the minor's attorney in the medical mal-

practice claim. In her affidavit, the minor's mother gave background information and consented to the payment of conservator's fee. The minor's medical malpractice attorney gave background information about the proceedings leading up to conservator's appointment. Conservator later filed an affidavit of one of the attorneys who had testified, in which the attorney argued, without citation to legal authority, that an attorney-conservator should be paid that attorney's professional rates for all time expended as a conservator.

Conservator testified to the circumstances surrounding his appointment, the nature of the work he did for the estate, and his information that other attorneys had been compensated at $110.00 per hour by the court. Six months later conservator filed two exhibits, a copy of Missouri Supreme Court Rule 4–1:5 and a copy of the 1997 Missouri Bar Economic Survey, and a request for findings of fact and conclusions of law.

The court subsequently issued an order and judgment finding its award of $7,611.75 was just and reasonable for the services in question. In its findings of fact, the court first found that $90.00 per hour was just and reasonable for normal legal services and $45.00 per hour was just and reasonable for administrative services. The court found that conservator's exhibits revealed that conservator had personally expended only 45.9 hours (not 70.65 as requested),[1] of which 16.8 hours were legal services and 29.1 hours were administrative services. It found that the other attorney's time summaries revealed 17.5 hours of legal services and 24.85 hours of administrative services. It allowed $90.00 per hour for the time the two attorneys spent on legal services and $45.00 per hour for the time the two attorneys spent on administrative services. This allowance, with some other minor adjustments, resulted in the fee award of $7,611.75 which conservator now appeals.

### 1. Differentiation Between Legal and Administrative Services

■ For his first point conservator contends that the court erred in distinguishing his professional services from his non-professional services and in compensating for those services at different rates. He argues that all of the services he rendered should have been compensated at a professional rate because the court specifically requested that an attorney serve as conservator, it appointed an attorney to so serve, and, on two of his prior requests for compensation, the court had paid the professional rate for all of his services, and attorneys had testified to the nature of his legal work.

Compensation for services as a conservator is governed by Section 475.265 RSMo (1994), which provides:

A guardian or conservator shall be allowed such compensation for his services as guardian or conservator, as the court shall deem just and reasonable. Additional compensation may be allowed for his necessary services as attorney and for other necessary services not required of a guardian or conservator. Compensation may also be allowed for necessary expenses in the administration of his trust, including reasonable attorney fees if the employment of an attorney for the particular purpose is necessary. In all cases, compensation of the guardian or conservator and his expenses including attorney fees shall be fixed by the court and may be allowed at any annual or final accounting; but at any time before final settlement the guardian or conservator or his attorney may apply to the court for an allowance upon the compensation or necessary expenses of the guardian or conservator and for attorney fees for services already performed. If the court finds that the guardian or conservator has failed to discharge his duties as such in any respect, it may deny him any com-

---

1. Conservator agrees that 45.9 hours is correct.

pensation whatsoever or may reduce the compensation which would otherwise be allowed. The court may consider ties of blood, marriage or adoption, in making allowances of compensation to guardians and conservators.

■ Section 475.265 commits the determination of a conservator's compensation to the court. The allowance of fees falls within the court's administrative authority and is within the court's discretion. Accordingly, we review the court's award of compensation under this statute solely for abuse of discretion. *In re Switzer*, 201 Mo. 66, 98 S.W. 461, 465 (1906).

■ Under this statute an attorney-conservator may be allowed additional compensation for necessary services rendered as an attorney that are not required of a conservator. 5C BORRON, PROBATE LAW AND PRACTICE Section 2088, p. 194 (1992). "However, an attorney-conservator should not be paid at legal rates for non legal services." *Id.* at n. 3. The court may properly pay an attorney-conservator or the attorney for the conservator less than a professional rate where the services rendered do not involve legal questions and require no greater skill than that possessed by the ordinary business person. *In re Steele's Estate*, 97 Mo.App. 9, 70 S.W. 1075, 1076 (1902). The same rule applies with respect to work performed by attorneys for decedents' estates. *See In re Estate of Bacheller*, 437 S.W.2d 132, 140 (Mo.App.1968); *In re Claus' Estate*, 167 S.W.2d 372, 374 (Mo.App.1943).

■ Conservator argues that the fact that the prior judge sitting in this division of the court insisted that an attorney serve as conservator meant that he was chosen for his professional expertise because he could provide more valuable service than a lay person and that his compensation should reflect that added value. Section 475.130.1 provides in part: "If a conservator of the estate has special skills or is appointed on the basis of representations of special skills or expertise, he is under a duty to use those skills in the conduct of the protectee's affairs." However, this statute does not require that a conservator, who is hired because he or she is also an attorney, is entitled to be compensated at professional rates for work which does not require those special skills.

Conservator also argues that the fact that the court allowed him the professional rate for all of his services on his two prior petitions for compensation requires the court to continue to do so. We disagree. It was within the court's discretion to find that $90.00 per hour was a just and reasonable fee for conservator's services as identified in those prior requests.

The trial court did not abuse its discretion in allowing conservator $90.00 an hour for legal services performed and $45.00 an hour for administrative services performed. Point one is denied.

## 2. Determination of Just and Reasonable Fees for Legal Services

■ Conservator next contends that the court erred in finding that a just and reasonable fee for conservator's legal services was $90.00 an hour. Conservator argues that this is not a reasonable rate of compensation. He asserts that the court arbitrarily set a fee schedule, ignored his evidence that attorneys who practice probate law in the metropolitan area charge from $125.00 per hour to $175.00 per hour, did not take into account the proper factors for determining a reasonable fee, and did not take into account the fact that the minor's mother consented to the fee of $125.00 per hour. We disagree that the court abused its discretion in determining that $90.00 per hour was just and reasonable for the legal services conservator rendered to this estate.

■ Section 475.265 RSMo (1994) provides that the court shall allow such compensation for services to a conservator as it shall deem just and reasonable. This compensation is to be based upon " 'all circumstances of the guardianship, includ-

ing the size of the estate, the productiveness of the estate, the disbursements from the estate, the nature and difficulty of the services performed, and what is a customary charge for similar services in the community.'" *Houston v. Zaner*, 683 S.W.2d 277, 280 (Mo.App.1984) (quoting 5 Maus, Probate Law and Practice, Section 1969, pp 319–320). *See also* 5C Borron, *supra,* Section 2088, p. 194.

■ In this case, the court had before it conservator's detailed billing sheets showing time spent and services performed for the estate. Conservator presented evidence of the size and productiveness of the estate, the disbursements from the estate, and the nature and difficulty of the services performed. Several probate attorneys testified to their customary charges and the charges in the community. The court, however, has the ultimate duty to determine under the individual facts of each case what a reasonable and just fee is in light of all of these factors. It, too, is an expert on the nature and value of attorney's fees and is not bound by the conservator's evidence of prevailing fees, other attorneys' opinions of what is a reasonable fee, or the consent of the minor's family. "[C]ourts are themselves experts on the question of attorneys' fees and the judge who personally tries a case and is acquainted with all the issues involved is in a position to fix the amount of attorneys' fees without the aid of evidence." *Jafarian–Kerman v. Jafarian–Kerman*, 424 S.W.2d 333, 340 (Mo.App.1967). From its own files, the proceedings on the case, and its experience in this area, the court could evaluate all of the relevant factors and determine what a reasonable and just fee was for this specific case.

The court did not abuse its discretion in determining $90.00 per hour to be "just and reasonable" for conservator's professional services in this case. Point two is denied.

### 3. Requested Findings of Fact

■ For his third point conservator contends that the court erred by not making findings of fact or conclusions of law on every issue identified in conservator's request. Conservator argues that Rule 73.01(a)(3) requires the court to make each of the findings conservator requested. We disagree.

■ Assuming for the purposes of this argument that the court had an obligation in this case to make findings of fact upon specific request,[2] it was only required to enter findings on controverted fact issues. *McMickle v. McMickle*, 862 S.W.2d 477, 483 (Mo.App.1993). In this case conservator sought findings of fact on many issues which were not controverted, would not control the outcome, were open ended and not specific, or were not fact issues. Findings are not required in these situations. *Id.* at 483–84.

The court issued a three-page judgment which contained findings of fact. It recited the background facts leading to the creation of the minor's estate and the selection and appointment of conservator. It addressed conservator's 1997 petition for compensation. It recited that the court had reviewed the exhibits detailing the services, divided the services into two categories, professional and administrative, determined the rates it deemed just and reasonable for the two categories of work, and determined the number of hours it deemed applicable to legal services and the

**2.** Conservator does not explain why Rule 73.01(a)(3) applies to his motion for rehearing in the probate division of the circuit court or to his petition for payment under the probate code. The civil rules are not generally applicable to actions governed by the probate code, Rule 41.01(a)(2), and Rule 73.01(a)(3),(b) is not among the exceptions. Rule 41.01(b). The court did not order that Rule 73.01(a)(3) be made applicable to this proceeding. Conservator does not cite a statute or other basis for making either Section 510.310 RSMo (1994) or Rule 73.01(a)(3) specifically applicable to this proceeding. *See* discussion in *In re Estate of Desterbecque*, 800 S.W.2d 142, 145–147 (Mo.App.1990); 1 Mo. Estate Administration Section 1.15 (Mo. Bar 4 th Ed.1999).

number of hours it deemed applicable to administrative services. The court incorporated and attached conservator's billing exhibits which the court had marked up to show, for every item billed by the two attorneys, how much time it determined was legal and how much time it determined was administrative. It totaled the hours in each category and multiplied the hours by the applicable rates. The court's findings allow full appellate review of the issues raised on appeal. *See McMickle,* 862 S.W.2d at 484. Point three is denied.

The judgment is affirmed.

LAWRENCE E. MOONEY, J. and SHERRI B. SULLIVAN, J., concur.